WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ming's Mark Incorporated,<br><br>           Plaintiff,<br><br>v.<br><br>Innovative Imports Incorporated,<br><br>           Defendant. | No. CV-14-01859-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is Plaintiff Ming's Mark, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (with Notice). (Doc. 4.) The title of Plaintiff's Motion indicates that its request is made with notice but Plaintiff has not yet completed formal service on Innovative Imports Inc. (Doc. 4, at 1.) The Court finds that oral argument would be helpful in determining whether injunctive relief is appropriate.

## BACKGROUND

      Plaintiff Ming's Mark, Inc. sells mats to distributors and to end users. It owns a copyright for several of the mat designs. Since April, 2014 Ming's Mark has learned that Innovative Imports is selling unauthorized reproductions which include these copyrighted designs. These sales are offered on eBay. Although Ming's Mark has successfully had two of the listings on eBay removed, others remain and Innovative Imports has added a new one. Ming's Mark informed Innovative Imports that its reproductions were unauthorized in a cease and desist letter. Innovative Imports responded by asking for proof of the copyrights but has not responded again and it continues sell the mats.

## DISCUSSION

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a preliminary injunction, Plaintiffs must demonstrate "that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat't Res. Def. Council*, 555 U.S. 7, 20 (2008); *see* Fed. R. Civ. P. 65. The Ninth Circuit continues to analyze these four elements using a "sliding scale" approach, in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The element of irreparable injury, however, is not subject to balance; the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). Injuries that can be compensated with money are not normally considered irreparable. *Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief . . . weighs heavily against a claim of irreparable harm.") (internal citations omitted); *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir.1980) ("[M]onetary injury is not normally considered irreparable.").

In addition to the requisite showing, a preliminary injunction may issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a). A TRO may be granted without notice to the adverse party:

> only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's

attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Here, Ming's Mark has submitted an affidavit from Chunhong Yu describing the injury that Ming's Mark alleges. The attorney for Ming's Mark submitted a certified statement (Doc. 5) that he sent an email to the attorney for Innovative Imports about the intent to file this action and to seek a TRO and preliminary injunction without further notice (Doc. 4-1). The email indicates that the Complaint in this matter was attached to it. (*Id.*) The attorney did not explain why formal notice should not be required and does not detail any efforts to provide notice beyond the email.

**IT IS THEREFORE ORDERED** setting a Hearing on the Motion for Temporary Restraining Order and Preliminary Injunction (with Notice) (Doc. 4) for **September 11, 2014 at 9:00 a.m.** in Courtroom 602, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-2151.

**IT IS FURTHER ORDERED** that Plaintiff Ming's Marks, Inc. shall complete service of the Complaint (Doc. 1), Motion for Preliminary Injunction (Doc. 4), Certificate of Attorney (Doc. 5), Affidavit of Chunhong Yu (Doc. 6), and this Order on Defendant Innovative Imports before the hearing. If Ming's Mark is unable to do so before the hearing, it should submit a certified statement from the attorney detailing the further efforts to do so and explaining why formal notice should not be required.

Dated this 5th day of September, 2014.

/G. Murray Snow
United States District Judge